UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MAYFIELD,

        Plaintiff,

v.

        Case No.
        Hon.

TERRY BERDAN,

        Defendant.

---

HOWARD S. WEINGARDEN (P51914)
KAUFMAN, PAYTON & CHAPA
**Attorney for Plaintiff**
200 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI  48334-2551
(248) 626-5000

---

There is no other pending or resolved civil action arising out of the transaction or occurrence alleged in the Complaint.

   /s/ Howard S. Weingarden
HOWARD S. WEINGARDEN (P51914)
*Attorney for Plaintiff*

## COMPLAINT AND DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, MICHAEL MAYFIELD, by and through his attorneys, KAUFMAN, PAYTON AND CHAPA, and for his cause of action against the above-named Defendant, states as follows:

### Jurisdiction and Parties

1. At all times relevant to the events alleged herein, Plaintiff was a resident of the City of Flint, County of Genesee, State of Michigan.

2. Defendant, Sergeant TERRY BERDAN (hereinafter, "Defendant"), was at all times pertinent hereto, duly appointed as a police officer for the Michigan State Police, and in that capacity was acting as its agent, servant and/or employee, acting under color of law, and was acting within the course and scope of his agency and/or employment with the Michigan State Police.

3. The events giving rise to this action took place in the City of Flint, County of Genesee, State of Michigan.

4. That the amount in controversy is in excess of seventy-five thousand ($75,000) dollars, exclusive of interest, costs and attorney fees.

5. Jurisdiction is proper under 28 U.S.C. §1331.

6. Venue is proper under 28 USC §1391(b)(1).

<u>Common Allegations</u>

7. Plaintiff adopts and incorporates by reference each and every allegation set forth in paragraphs 1–6 as though set forth fully herein.

8. On May 4, 2018, Plaintiff lost control of his motor vehicle and struck a home located at 1418 Woodhall Drive, Flint, MI.

9. In the process of striking the home, Plaintiff struck a gas meter which caused a leak that required mass evacuation.

10. Due to the dangerous condition emanating as a result of the broken gas meter, Plaintiff parked his motor vehicle within a safe distance away from the broken gas meter.

11. As Plaintiff was walking back to the home located at 1418 Woodhall Drive, Flint, MI, he was approached by Defendant.

12. Without any provocation by Plaintiff whatsoever, Defendant discharged a taser upon Plaintiff.

13. As a result of Defendant's taser deployment, Plaintiff fell to the sidewalk and thereby struck his head against the pavement.

14. As a direct result of Defendant's taser deployment, Plaintiff required immediate hospitalization and thereafter has required continuous medical treatment.

## COUNT I – ASSAULT AND BATTERY

15. Plaintiff adopts and incorporates by reference paragraphs 1–14, as though fully set forth herein.

16. The actions and conduct of the DEFENDANT as previously alleged and incorporated herein – i.e., executing a taser deployment without any provocation by Plaintiff – was willful, wanton, intentional, and reckless.

17. The actions and conduct of DEFENDANT as previously alleged hereinabove, created a reasonable apprehension of an immediate threat of harm and/or offensive touching to Plaintiff.

18. The aforementioned actions and conduct by DEFENDANT did, in fact, constitute an offensive and harmful touching to Plaintiff.

19. DEFENDANT knew or should have known that his aforementioned actions and/or conduct would cause injury and/or offense to Plaintiff, and furthermore, his conduct did, in fact, cause the aforementioned injuries and/or offense to the Plaintiff.

20. As a direct and proximate result of the actions, conduct, and omissions of DEFENDANT, Plaintiff sustained serious and permanent injuries, including, but not limited to, injuries to the head and musculoskeletal system.

21. As a further direct and proximate result of DEFENDANT'S actions and omissions, Plaintiff has suffered the following:

   a. Pain, disability, and mental anguish;

   b. Medical expenses for care, treatment, and rehabilitation; and

   c. Other injuries and damages identified during the course of litigation.

WHEREFORE, Plaintiff, MICHAEL MAYFIELD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant TERRY BERDAN, in whatever amount the Court deems just, in excess of seventy-five thousand dollars ($75,000.00), plus interest, costs, and attorney fees so wrongfully sustained and such other further relief as may be deemed appropriate under the circumstances.

### COUNT II - GROSS NEGLIGENCE, INTENTIONAL, WILLFUL AND WANTON MISCONDUCT

22. Plaintiff hereby reasserts and re-alleges each and every allegation contained in paragraphs 1 - 21, as though fully set forth herein.

23. Pursuant to MCL 691.1407, DEFENDANT owed Plaintiff a duty to act prudently and with reasonable care, and otherwise to avoid unreasonable, excessive or deadly force and not to act in a grossly negligent manner.

24. DEFENDANT breached the above duties and was grossly negligent, acting intentionally and so recklessly as to demonstrate a substantial lack of concern for whether injury or death would result, and/or DEFENDANT'S acts of willful and wanton misconduct toward Plaintiff breached the above duties in a number of ways, including, but not limited to:

   a. Improper use of unreasonable and excessive force against Plaintiff;

   b. Failure to use other methods of detainment, arrest and/or apprehension, short of excessive force;

  c. Failure to properly effectuate a lawful arrest with or without an arrest warrant; and,

  d. Any and all additional acts of gross negligence and/or willful and wanton misconduct that may become known through the course of discovery.

25. As the direct and proximate result of the DEFENDANT'S above-cited gross negligence and/or willful and wanton misconduct, Plaintiff sustained serious and permanent injuries, including, but not limited to, injuries to the head and musculoskeletal system.

26. As a further direct and proximate result of DEFENDANT'S actions and omissions, Plaintiff has suffered the following:

  a. Medical expenses for care, treatment, and rehabilitation;

  b. Pain, disability and mental anguish; and

  c. Other injuries and damages identified during the course of litigation.

WHEREFORE, Plaintiff MICHAEL MAYFIELD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant TERRY BERDAN, in whatever amount the Court deems just in excess of seventy-five thousand dollars ($75,000.00), plus interest, costs, and attorney fees so wrongfully sustained, exemplary and punitive damages, and such other further relief as may be deemed appropriate under the circumstances.

### COUNT III – VIOLATION OF CIVIL RIGHTS
### (§ 1983 DEPRIVATION OF CONSTITUTIONAL RIGHTS UNDER COLOR OF LAW)

27. Plaintiff hereby reasserts and re-alleges each and every allegation contained in paragraphs 1–26, as though fully set forth herein.

28. Pursuant to 42 U.S.C. §1983 and the Fourth Amendment to the United States Constitution, and under the Constitution of the State of Michigan, Article I, Section 2, DEFENDANT owed Plaintiff a duty to act prudently and with reasonable care and otherwise to avoid unreasonable and excessive force.

29. Reasonable officers in the position of Defendant at the time of this incident – i.e. prior to the officer's use of excessive force, would have known, in light of existing law, that the unlawfulness of his actions was apparent under the circumstances and would be a violation of clearly established law and of Plaintiff's constitutional rights.

30. As a direct and proximate result of DEFENDANT'S above-cited violations of clearly established rights, Plaintiff suffered the aforementioned injuries, including, but not limited to, injuries to the head and musculoskeletal system.

32. As a further direct and proximate result of DEFENDANT'S actions, Plaintiff has suffered the following:

    a. Pain, disability, and mental anguish;

    b. Medical expenses for care, treatment, and rehabilitation;

    c. Other injuries and damages identified during the course of litigation; and

    d. Additional damages as allowed under 42 U.S.C. 1983, as well as the Fourth Amendment to the United States Constitution, and under the Constitution of the State of Michigan, Article I, Section 2, including punitive and exemplary damages and costs and attorney fees.

WHEREFORE, Plaintiff, MICHAEL MAYFIELD, respectfully requests that this Honorable Court enter judgment in his favor and against Defendant TERRY BERDAN, in

whatever amount the Court deems just in excess of seventy-five thousand dollars ($75,000.00), plus interest, costs, and attorney fees so wrongfully sustained and such other further relief as may be deemed appropriate under the circumstances.

                                             Respectfully submitted,

                                             KAUFMAN, PAYTON AND CHAPA

                                             /s/ Howard S. Weingarden
                                             HOWARD S. WEINGARDEN (P51914)
                                             Attorney for Plaintiff
                                             200 Kaufman Financial Center
                                             30833 Northwestern Highway
                                             Farmington Hills, MI 48334-2551

Dated: September 14, 2018                (248) 626-5000

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL MAYFIELD,

   Plaintiff,

                 Case No.

v.                   Hon.

TERRY BERDAN,

   Defendant.

---

HOWARD S. WEINGARDEN (P51914)
KAUFMAN, PAYTON & CHAPA
**Attorney for Plaintiff**
200 Kaufman Financial Center
30833 Northwestern Highway
Farmington Hills, MI  48334-2551
(248) 626-5000

---

## JURY DEMAND

  NOW COMES the Plaintiff, MICHAEL MAYFIELD, by and through his attorneys, KAUFMAN, PAYTON AND CHAPA, and hereby makes a demand for trial by jury in the above matter.

               Respectfully submitted,

               KAUFMAN, PAYTON AND CHAPA


                /s/ Howard S. Weingarden
               HOWARD S. WEINGARDEN (P51914)
               KAUFMAN PAYTON AND CHAPA
               Attorney for Plaintiff
               200 Kaufman Financial Center
               30833 Northwestern Highway
               Farmington Hills, MI  48334-2551
Dated:  September 14, 2018     (248) 626-5000